# Harry P. Brooks, *v.* The Pennsylvania Railroad Company, Appellant.

*Practice, C. P.—Charge of court—Submission to the jury in absence of evidence.*

It is error to submit a case to a jury, under proper instructions as to the law on certain conditions, when there is no evidence upon which a jury would be justified in finding such conditions to exist.

Argued Oct 6, 1896. Appeal, No. 1, Nov. T., 1896, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1892, No. 376, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for the killing of plantiff's cows.
It appeared from the evidence that certain of plaintiff's cows

582    BROOKS *v.* PA. R. R. CO., Appellant.

Statement of Facts—Assignment of Errors.    [2 Super. Ct.

wandered on to defendant's railroad and were killed. A ditch was dug partly on the ground belonging to the company and partly to the farm as a line ditch for the purpose of furnishing dirt for the road of the company and to prevent cattle, etc., from trespassing on the railroad; that the ditch was dug by the company; that it had frequently become filled with the refuse and old ties from the roadbed, the same being thrown into the ditch by the employees of the company; that the plaintiff had frequently cleared out and opened said ditch at his own expense and had frequently notified the company of its condition, but that the company failed to keep the ditch free and clear of this refuse and to keep it a barrier between the said farm and the railroad. There was no allegation that the defendant wantonly, recklessly or purposely filled the ditch, nor was there any evidence tending to show such to be the case. The defendant presented the following points, which were refused.

1. The plaintiff's cows were trespassers upon the railroad of the defendant, and therefore the plaintiff cannot recover in this action. *Answer:* I refuse that point. [3]

2. Under all the evidence in the case the verdict of the jury should be for the defendant. *Answer:* I refuse that point. [4]

Verdict for plaintiff for $500. Defendant appealed.

*Errors assigned* were, (1) the following portion of the charge of the trial judge to the jury: "And you can only find for the plaintiff if you should find that the railroad company wrongfully—according to the language of the pleadings in this case—purposely, recklessly, willfully, and wantonly used the ditch for a place of deposit of these things, and that this plaintiff did not know or could not have ascertained it by diligence; if those facts are true the plaintiff is entitled to recover, if his cattle crossed at the place where the ditch had been filled by the wilful, wanton, reckless act by the railroad of which he knew nothing; and only can he recover if you find the facts to be those; and if you find it to be thus you will be brought to assess the value of the cows."

(2) The following portion of the charge of the trial judge to the jury: "If you find that the railroad wilfully, not accidentally, but wilfully and recklessly put this material into the ditch, and thus made it a place of passage, and that this plaintiff did not

know and could not have known it by proper diligence, if you find these facts to be true, then and then only can you find for the plaintiff."

(3, 4) refusal of plaintiff's points, reciting same.

*John Hampton Barnes,* with him *George Tucker Bispham,* for appellant.

The trial judge submitted to the jury an issue that was not raised by the plaintiff's statement nor supported by any evidence in the case, namely, that if the jury believed that· the defendant willfully and wantonly used the ditch for a place of deposit, the jury might find for the plaintiff.

The judge correctly charged the jury upon the authority of the cases submitted to him that " the primary duty is upon the citizen to keep his cows from wandering on the railroad track. It is obligatory upon him, and if he allows his cattle subject to his control to wander upon a railroad track and there be killed, it is his fault:" Railroad v. Skinner, 19 Pa. 298; Railroad v. Rehman, 49 Pa. 101; Barber v. Mensch, 157 Pa. 390.

Also, that " if the pieces of timber or ashes or other things got there (in the ditch) by accident, there is no right of recovery upon the part of the plaintiff." He also correctly charged the jury, upon the authority of Drake v. P. & E. R. R., 51 Pa. 240, and Reitz v. Railway Co., 126 Pa. 439, which were submitted to him, that it being the mutual duty of the parties to keep the ditch clear, and the allegation being that the defendant had not kept the ditch clear, no action would lie in tort by reason of the ditch becoming filled, but that an action for a breach of the contract alone would lie.

The court having thus affirmed every proposition raised by the defendant upon the pleadings and evidence, nevertheless submitted the case to the jury with the statements which form the first and second assignments of error, namely, allowing the· jury to consider whether or not the defendant had willfully and wantonly used the ditch as a place of deposit for this material. There is, it is submitted, nothing in the case to justify the language of the judge in the portions of the charge excepted to, nor in the submission of the question therein stated to the jury. Reference to the statement of claim shows that the only charge

against the defendant is its neglect to keep the ditch clear. There is no allegation that the defendant wantonly, recklessly, or purposely filled the ditch; there is merely a charge of omission of duty under a contract. There is not a line or word of evidence in the case to support the language of the court. The evidence of the plaintiff consisted merely of a description of the property and the fact that the cows were found killed near the ditch, and that an examination showed that the ditch had natural refuse in it.

*W. W. Smithers*, with him *T. Fernley Brooks*, for appellee.— The requirement of the act of 1887 does not oblige the plaintiff to disclose his case with the same nicety and precision of averment as was required in a declaration: Murdock v. Martin, 132 Pa. 86 (1890).

"The difference between negligence and 'willfulness' in a civil action for damages, is in the degree only, not in the essence of the wrongdoing:" Field v. Chicago, etc., R. Co., 14 Fed. Rep. 336, (Ia. 1882).

Gross negligence can properly be defined as "amounting to willful injury:" St. Louis etc. R. R. Co. v. Todd, 36 Ill. 409.

The rule in the western states is that where the cattle have gotten upon the track by some default, neglect or wrongful act of the company, then the owner is entitled to recover for the killing if it occurred as an immediate result of such negligence of the company: Delta Elec. Co. v. Whitcamp, 58 Ill. App. 141 (1896); R. R. v. Beam, 60 Ill. App. 68 (1896); Bowen v. R. R., 68 N. W. Rep. 230, (1896) Mich.

After a case has been tried upon its merits and no objection has been made to a technical variation between the statement and some of the proof, it is too late to rely upon a general request for binding instructions for defendant "under the pleadings and the evidence:" Arons v. Smit, 173 Pa. 630.

The propositions referred to by appellant in conjunction with the five cases cited are sound, but not one of those cases sheds any light on the question here raised. This is not a "railroad-cattle" question, but one concerning the tortious acts of a property owner respecting the dividing line.

In support of his assignments of error, appellant does not cite a single authority.

OPINION BY BEAVER, J., November 9, 1896·

Assuming that this case was to be submitted to the jury it was well tried. The charge of the court in regard to the law of the case is, in the main, clear and satisfactory. The appellant submits four assignments of error for our consideration.

The third cannot be sustained. The refusal of the trial judge to affirm the defendant's first point, which was as follows : " The plaintiff's cows were trespassers upon the railroad of the defendant and, therefore, the plaintiff cannot recover in this action," was correct. If the defendant contributed in any way, permissively or actively, to the filling up of the line ditch which separated the railroad of the defendant from the pasture lands of the plaintiff, by which the plaintiff's cows were enabled to cross to the defendant's railroad, they could not properly be said to be trespassers, even although the defendant, under the circumstances, might not be liable in tort for their injury or killing. There was some evidence in the case which justified the inference that the ditch referred to was filled to a greater or less extent by the material which accumulated in it from the railroad. The court was, therefore, as we view the case, justified in declining to affirm the defendant's first point.

The first, second and fourth assignments of error are sustained. They practically embrace but a single point. The court properly charged the jury : " If you find that the railroad wilfully, not accidentally, but wilfully and recklessly put this material into the ditch and thus made it a place of passage and that this plaintiff did not know and could not have known it by proper diligence—if you find these facts to be true, then and then only can you find for the plaintiff." The error consists in allowing the jury to find as a fact what nowhere appears in the evidence. The court recognizes the necessity, under the peculiar circumstances of this case, of some active participation by the railway in filling the ditch in such a way as to enable the cattle of the plaintiff—the appellee here—to cross from his pasture land to the railroad's right of way. Further than that the trial judge properly characterized such active participation as " reckless, wilful and wanton," in order to justify recovery. The testimony of both plaintiff and defendant negatives any active participation of the railroad in depositing waste material, such as old ties, ashes, etc., in the ditch. They were found

there it is true, after the several accidents to the plaintiff's cattle, but there is an utter absence of evidence tending to show that the defendant, by its servants, in any way actively participated in or wantonly, wilfully and recklessly contributed to placing them there. We have read the evidence with care and can find nothing which justifies the submission of such a fact for the finding of the jury. But a single witness, Hemphill, a trainman in the employ of the defendant, testifies to any active participation in placing ties in the ditch; but he says that, after one of the accidents referred to, the ties were placed there for the purpose of enabling the employees of the railroad to rescue the animal which had been injured. These were new ties and did not constitute any part of the accumulation of débris in the ditch of which the plaintiff complains and which he characterized in his testimony as "old ties and ashes and one thing and another in the ditch." The main facts of this case are admitted by both parties. This was a line ditch, taking the place of a line fence. Both parties recognized their obligation to keep it clean. The testimony shows that, when the defendant was notified of any obstructions in the ditch, they were promptly removed and that the plaintiff each fall cleared the ditch of any obstructions which he might find there. Both parties seemed to be desirous of discharging their duty in this respect. The mere failure to discharge this duty or the permissive accumulation of offal from the railroad in the ditch was not such reckless, wilful and wanton conduct as would justify a recovery in this case. There being no evidence of such conduct, it was error to submit the question in that form to the jury; and, in the absence of such evidence, the defendant's second point, "Under all the evidence in the case, the verdict of the jury should be for the defendant," should have been affirmed. This leaves nothing for a jury to determine and the judgment is, therefore, reversed.