# Osterling *v.* Carpenter, Appellant.

*Contract—Evidence—Architect's plans—Charge of jury—Trial appeals —Practice—Reversal of judgment—Remittitur—Venire facias.*

1. In an action by an architect to recover renumeration for various plans, including a plan for a station, it is error to permit a recovery for the station plan where it appears that although in the letter from the plaintiff to defendant submitting a proposal, there was mention of a station plan, the letter in reply did not refer to the station plan, and there is nothing in the evidence to show that the plaintiff ever submitted the station plan, or that the defendant had ever approved one,

or agreed to pay for the same, and it also appears that the contract set up by the plaintiff called for remuneration on a commission basis, while the item claimed on account of the station plan was on a quantum meruit.

2. In such a case it is also error to permit the plaintiff to recover commissions for plans of a tomb which was to cost $70,000 where the evidence shows that while the parties may have originally contemplated a $70,000 tomb they subsequently agreed on plans for a $40,000 tomb, and that the plans actually prepared and accepted were for a tomb not to exceed in cost $40,000, the actual cost of the tomb as erected and that under the agreement the architect's commission was to be computed on the cost of the completed tomb.

3. The Supreme Court in reversing a judgment on a verdict which included the compensation for the station plan, and commissions on a $70,000 tomb, awarded a venire facias de novo unless the plaintiff within ten days after the remitting of the record should file a stipulation agreeing to remit the item of the station plan, and commissions on the cost of the tomb in excess of $40,000 with interest, and further directed that if such remittitur was filed final judgment should then be entered for the plaintiff for the amount so ascertained.

Argued Oct. 26, 1910. Appeal, No. 50, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1905, No. 826, on verdict for plaintiff in case of F. J. Osterling v. Reese Carpenter. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Reversed.

Assumpsit on a contract. Before BROWN, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $3,937. Defendant appealed.

*Errors assigned* were various instructions.

*Wm. E. Schoyer,* of *Lyon & Hunter,* for appellant.

*John S. Ferguson,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1911:

This is peculiarly a case of controverted facts. There is a dispute as to whether any contract was entered into

in the first place, and if such a contract were made, the parties do not agree upon what basis the contractual obligation may be determined.   When parties fail to reduce their contracts to writing and cannot agree upon the terms thereof, it is difficult for courts to determine with legal accuracy the liability of the contracting parties. Such cases are for the jury and this is one of them.   The first assignment relates to the item of $200 claimed for preparing station plans.   The letters of December 20, and January 11, relied upon as the basis of the contract, do not warrant the inference that the preparation of station plans were authorized by appellant.   It is true station plans were mentioned in the letter of appellee submitting a proposal for the consideration of appellant, but in the letter of acceptance nothing is said about station plans.   The only inference to be drawn being that appellant eliminated station plans from the contract and limited the work to be done to the preparation of plans, specifications and detail drawings for the tomb, also the making of water color pictures.   There is nothing in the evidence to show that appellee ever submitted such station plans for the approval of appellant, or that he had approved them at any time, or that he had agreed to pay for the same.   Again the contract set up calls for remuneration upon a commission basis while this item is claimed on a quantum meruit.   The positions are inconsistent and as we view the record there is not sufficient evidence to sustain this item of claim on either ground.

We do not agree with the second contention of appellant, which is, that upon the whole record judgment non obstante veredicto should be entered for defendant. There was ample evidence to sustain a recovery in some amount and the only question to be determined is as to the cost of the tomb which was the basis fixed by the contract to ascertain the amount of the commission.   Appellee claims upon the basis of a $70,000 tomb, while appellant contends that if he is required to pay any commission it must be computed upon a total cost of $40,000.

This is a disputed point and not free from difficulty. The learned court below left it to the jury, but upon an examination of the evidence and a careful consideration of the charge, we have concluded that the instructions did not accurately state the contentions of the parties or correctly define the law applicable to the facts. It must be remembered that the letters offered in evidence constitute the contract and these letters make no mention of the estimated cost of the tomb to be erected. Indeed, it is clear that at the time the letters were written the parties themselves had no definite amount in view as to the total cost of the tomb. This appears throughout the whole letter of appellee submitted as a proposal for the purpose of getting the work. The acceptance was simply an authorization to proceed with the preparation of plans, no amount of cost being specified. Appellee, it is true, testified to the understanding, that the plans, specifications and drawings contemplated a $70,000 tomb, and that he proceeded upon this basis. But before the plans were completed appellant notified appellee by letter dated February 1, 1901, of his conclusion to build a tomb not to exceed in cost $40,000 and the testimony shows that the plans and drawings were changed to provide for the erection of a tomb at this reduced cost. Appellee testified that after receiving the letter last mentioned he abandoned his work in the preparation of plans for a $70,000 structure and changed the drawings so that the tomb should not exceed in cost $40,000. He also admitted that he made no objection to this change of plans. The letter submitting the proposal for the work suggests that the fee of the architect: "be based upon the lowest and best bid which may be received, in case you award and contract for the entire contract with one party or in case you should sublet the various parts of the work or should undertake to do the work with your own mechanics, the cost to be based upon actual bids which may be received, rather than upon the cost as it should develop in doing the work yourselves." The acceptance stipu-

lated that, "I shall build the tomb by days' work and will keep account of the cost of all material and labor and pay you five per cent on the outlay and $75.00 for water color." As to the commission the proposal and the acceptance constitute the contract. The architect was to be paid five per cent on the total cost of materials and labor. This certainly contemplated a completed tomb and the cost of the same was to be the basis upon which the commission was to be computed. The cost of the tomb erected was $40,000, and not $70,000, and appellee made no objection to the change of plans but proceeded to furnish plans, specifications and drawings for the $40,000 tomb, after receiving the letter so directing. We cannot interpret the contract and the facts relied on to sustain it in any other light than that appellee acquiesced in the change and performed his part of the covenants by furnishing completed plans, specifications and drawings for a $40,000 tomb. He is therefore entitled to a commission on this basis. The instructions to the jury failed to submit this question in a manner sufficiently clear to aid them in forming a correct judgment as to the terms of the contract and to assist in the application of the facts relating to the commission. Under these circumstances we have concluded there must be a reversal. Whether there shall be necessity for a new trial depends upon the attitude of appellee. If he is willing to accept the amount of the judgment as entered less the item of $200 and his commission upon the estimated cost above $40,000 there is no reason why this may not be done. We will, therefore, make the order accordingly.

Judgment reversed and a venire facias de novo awarded unless appellee within ten days after this record is remitted shall file a stipulation agreeing to remit the item of $200, and the commission on the estimated cost in excess of $40,000 together with such interest as may have been added on account of these items in the verdict, in which event the court below is directed to enter final judgment for the amount so ascertained.