## PENNSYLVANIA CEMENT CO. v. BRADLEY CONTRACTING CO.

### Appeal of CITY OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. April 5, 1926.)

### No. 275.

1. **Landlord and tenant** ⟜154(4)—**Under New York law, lessor, pending term, cannot recover cost of repairs, but only difference in value of reversion, though rule changes at expiration of term.**

Under New York law, a lessor, pending the term, may not recover cost of repairs necessitated by lessee's breach of covenant to repair, but is confined to difference in value of the reversion, though the rule changes at expiration of term, when cost of repairs becomes measure of damages.

2. **Municipal corporations** ⟜719(4)—**Cost of bulkhead, in consideration of which city gave lease, held not measure of city's damages, on termination of lease through lessee's failure to build bulkhead.**

Where city, reserving no rent, leased property to lessee, who agreed to build bulkhead thereon, to be completed within two years, with provision that any delay in completion beyond that time should be deducted from term of lease (ten years), *held*, on expiration of lease through lessee's failure to build, or even begin work on, bulkhead, cost thereof was not measure of city's damage, since under such rule city would receive bulkhead as new, rather than as aged during term of lease, and, there being nothing else on which to liquidate city's claim, it was not entitled to recover, except nominally.

Appeal from the District Court of the United States for the Southern District of New York.

Creditors' bill by the Pennsylvania Cement Company against the Bradley Contracting Company and John S. Sheppard and others, its receivers. From a decree confirming a master's report, allowing the City of New York only nominal damages on a claim for breach of contract, the City appeals. Decree affirmed.

See, also, 7 F.(2d) 822.

Appeal from a decree of the District Court for the Southern District of New York, disallowing a claim of the city of New York against the appellees as receivers. The city of New York filed a claim against receivers appointed upon a general creditors' bill, which the receivers contested. The District Court referred the issues to a master, who reported against the claimant. This report was confirmed and the claim allowed at nominal damages only. The facts are as follows:

The defendant was a contracting company engaged in business in the city of New York, and on the 20th day of April, 1912, entered into a contract with the city by which it agreed to build a bulkhead along the East River under the Queensborough Bridge in accordance with the city's plans and under the supervision of its engineers. It was to begin the work within 30 days and complete it within 2 years. In case of failure to complete within the specified time, the period of the lease (hereinafter described) was to be cut down by a period equal in length to the excess time taken for completion beyond the 2 years. In consideration of these undertakings of the

defendant, the city leased the property to it for a period of 10 years, reserving no rent. The defendant agreed, however, to give access to the city's department of bridges, and to any other city departments which might be requested, for the purpose of loading and unloading material to Vernon avenue, across the property leased. The defendant also agreed to allow the department of bridges to use any part of the property necessary for construction or repair of the Queensboro Bridge. At the expiration of the lease the bulkhead was to be the property of the city.

The defendant entered into possession of the locus, and enjoyed it until April 20, 1918, when the city took possession, the lease having expired by its own terms, because of the defendant's failure to build any part of the bulkhead or even to begin the work. It then made claim for the cost of the improvements as of April 20, 1918, and upon the hearing proved only that cost, and rested.

The master held that the cost was not the measure of the damages, and, as there was nothing else on which to liquidate the claim, allowed it at 6 cents only. The only question involved is whether, under such a contract, the proper measure of damages is the cost of the improvement at the time when the city retook possession.

Samuel Plumer, of New York City, for appellant.

Leo Oppenheimer, of New York City (Samuel H. Kaufman, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] This case turns upon the law of New York, involving as it does real property situated in that state. Thorley v. Pabst Brewing Co., 179 F. 338, 102 C. C. A. 522 (C. C. A. 2). It is the settled law of that state, following the English rule, that, pending the term, a lessor may not recover the cost of repairs upon default by the lessee upon a covenant to keep the tenement in repair, but is confined to the difference in value of the reversion. Appleton v. Marx, 191 N. Y. 81, 83 N. E. 563, 14 Ann. Cas. 150, 16 L. R. A. (N. S.) 210. At the expiration of the term the rule changes, and the cost of the repairs becomes the measure of damages.

The city invokes an analogous doctrine laid down in Kanter v. New Amsterdam Casualty Co., 195 App. Div. 756, 187 N. Y. S. 544, affirmed 233 N. Y. 602, 135 N. E. 935. In that case the lease was for 20 years, reserving a yearly rental of $4,200. The lessee also covenanted to change an existing stable into a garage, and delivered a bond to secure his performance. The parties fell out after the lease was made, and the lessee never went into possession. Thereupon the lessor sued the surety, and recovered the face of the bond, upon proving only that the cost of the improvements was greater than that sum. The case must be understood at least as holding that the cost of the improvements presumptively measures the added value to the fee, and, so understood, we cannot see any just ground to question it. Indeed, it seems to follow upon the rule laid down in the case of repairs. If the lease ends under such circumstances that the lessor would be entitled to the improvements, still new and unaged, the proper measure of his damages is that sum which will put him in the same position as though the lessee had performed. He would be in possession of the improvements just completed, and all that is necessary to his case is the presumption we have referred to.

But, if the lease has not ended, the present cost, even if the same presumption obtains, would give him the equivalent of the improvements in a condition in which he would not be entitled to them. He would get them only after they had been aged by the duration of the lease, and at best he must prove that they would not be of less value then than now. This is presumably the reason for the rule in the case of repairs.

Now, it is true that the lease had ended in the case at bar, but it had ended only because of the default on the covenant to improve, and it could have ended only for that reason, because there was no rent reserved. As the special master well observed, the lessee's damages are to put him in the same position as though the lessee had performed, and the lessee's performance would have extended the term and made the bulkhead some years old when the lessor got it—8 years if the lessee had performed as agreed. To allow the lessor to recover the cost would therefore put him in a better position than he could under any possibility have occupied, had the lessee fully performed. Thus it is plain that a lease is different, which ends because of a condition independent of the covenant to improve, from one where the only possible termination is a default in that covenant. In the second case, the cost cannot be the proper measure of damages, any more than it can be in the case of a covenant to repair while the term is outstanding. For this reason Kanter v. New

Amsterdam Casualty Co. does not rule the case at bar.

In Susswein v. Penn. Steel Co. (C. C.) 184 F. 102, I held the opposite under a similar lease. The point appears not to have been argued, and all I discussed was whether cost might be taken as a presumptive measure of added value, a point later decided in Kanter v. New Amsterdam Casualty Co. As the lease in that case could have run at most for only 2 years after the improvements were completed, and perhaps for less, it may be that the parties thought the question of only speculative importance.

Decree affirmed.