Kennedy, Jr. v. Loose-Wiles Biscuit Company, Appellant.

Argued October 4, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ.

*L. W. Baxter,* and with him *Evan B. Lewis,* for appellant, cited: Stubbs et ux. v. Duquesne L. Co., 84 Pa. Superior Ct. 1; Bruggeman et ux. v. York, 254 Pa. 430; Ellett v. Lit Brothers, Inc., 264 Pa. 188; Zeher v. Pittsburgh, 279 Pa. 168; Fredericks v. Atlantic Ref. Co., 282 Pa. 8; Wolk v. Pittsburgh Hotel Co., 284 Pa. 545.

*Robert T. McCracken,* and with him *Roberts & Montgomery,* for appellee, cited: Majestic Amusement Co. v. Standard Cigar Co., 79 Pa. Superior Ct. 309; Darlington v. DeWald, 194 Pa. 305; Gandy v. Klaw, 269 Pa. 320; Loughlin v. Carey, 21 Pa. Superior Ct. 477; 36 Corpus Juris 168, section 802.

Opinion by Keller, J., December 13, 1928:

This was an action of assumpsit by a landlord against his tenant for damages resulting from the latter's failure to yield up the leased buildings, as covenanted in the lease, "in as good condition as when the same were entered upon, injury or impairment re-

sulting from fire, lightning, cyclone or other accident or calamity, or from weakness or decay, and usual wear and tear excepted.''

The specific matters complained of were negligent injuries to the heating system, certain plumbing fixtures, the garage doors and the cement floor in the garage.

The evidence raised issues of fact which were for the jury and could not be decided by the court as matter of law.

The main issue of fact was whether the heating system, the boiler, pipes and radiators, had burst as the result of a fire in the boiler room, and the playing of cold water on the heated metal, as claimed by the defendant, or from freezing as a result of the defendant's negligent omission to turn off the water and drain the boiler and pipes after the fire, as alleged by plaintiff. A secondary issue of fact was whether plaintiff's agent, on the day of the fire or the next day after, had agreed on behalf of the landlord, to take charge of the burned building, including the heating system, or only to restore the burned portions of the building. Both of these issues were decided by the jury in favor of the plaintiff. There was evidence to support their finding and we may not disturb it. The same may be said of the questions whether the damages to the plumbing fixtures, the garage doors and the garage cement floor were the result of usual wear and tear or were caused by the negligence of defendant's employees.

Defendant's chief ground of complaint on the trial, outside of its contention that the alleged injuries to the premises were the result of the fire and usual wear and tear, seems to have been to the admission in evidence of testimony as to the rental value of the property for the time spent, after the termination of the lease, in making the necessary repairs. This court held in Loughlin v. Carey, 21 Pa. Superior Ct. 477,

480, that "the measure of damages for the breach of this covenant, [to make certain repairs], would be the cost of repairing the injury which had resulted from its non-performance or negligent performance and, in addition, the rental value of the building during the period occupied in making the repairs." The evidence complained of was properly admitted in consonance with this ruling.

The matters covered by the remaining assignments of error might well be disregarded. The only exception which defendant took to the charge was to the reference to the claim for loss of rental value, or as stated by the court, "compensation for the interference with the enjoyment of the property." The so-called 'points' were not requests for instruction to the jury on points of law, but motions to the court to strike out evidence generally and to rule disputed questions of fact in favor of the defendant. They were objectionable in that they were not confined to separate and distinct propositions of law, or assumed as facts matters which were in dispute. The learned trial judge based his refusal to discuss them on the ground that he considered them inapplicable and defective. We are not satisfied that he committed reversible error in so doing.

We may say, however, on the general subject of damages, covered by these assignments, that the law was concisely stated by the late Judge BUTLER, speaking for the United States Circuit Court of Appeals for this (3rd) circuit in Burke v. Pierce, 83 Fed. 95, 96, as follows: "The general rule established appears to be that the landlord is entitled to a sum sufficient to make the repairs stipulated for, and that where this can only be done by the use of new materials no deduction is allowed the tenant on that account. If he is thus required to pay more than seems equitable, it results from the terms of his covenant, and he cannot therefore complain. If he had complied

with these terms, he must have supplied the new materials at his own cost, and having failed to do this the landlord must be allowed the cost of doing what he should have done." Petition for certiorari denied by Supreme Court, 168 U. S. 711.

Furthermore, as respects the heating system, it was not contended that, prior to the bursting of the boiler, pipes and radiators, it was not in good condition and operating satisfactorily. The boiler supplied in place of the burst one was second-hand, not new; and the defendant made no attempt to show that it or the repairs to the heating plant as a whole could have been furnished or made at less cost than the plaintiff incurred or that more was done than was necessary to put the buildings in as good condition as they were in when defendant got possession of them: Darlington v. DeWald, 194 Pa. 305, 311; Gandy v. Klaw, 269 Pa. 320.

We do not regard the charge as a whole as "inadequate, misleading, erroneous or prejudicial to the defendant." It strikes us as a fair and adequate presentation of the issues involved. Nor do we find any abuse of discretion in refusing a new trial.

The first, second, third, eleventh, twelfth, thirteenth and fourteenth assignments are overruled. The others are dismissed. The judgment is affirmed.