FAYETTE R. PLUMB,
INCORPORATED,

v.

COOPER INDUSTRIES, INC.

and

McDonough Co.

Civ. A. No. 83–4847.

United States District Court,
E.D. Pennsylvania.

July 10, 1984.

Jeffrey L. Pettit, Hepburn, Willcox, Hamilton & Putnam, Philadelphia, Pa., for plaintiff.

Fred D. Furman, Kleinbard, Bell & Brecker, Philadelphia, Pa., for Cooper Industries.

Robert J. Donaghy, Philadelphia, Pa., for McDonough Co.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In this action plaintiff is attempting to recover for defendants' alleged breach of a covenant to maintain leased premises in good repair.[1] The lease has terminated and defendant has vacated. Plaintiff seeks the cost to repair the premises as damages. Defendant, however, argues that cost of repairs is the proper measure of damages only when that amount does not exceed the diminution in the premises fair market value resulting from the breach. Put another way, defendant asserts that the diminution in fair market value should serve as a cap on the amount of cost of repair damages recoverable by plaintiff.

Pennsylvania courts have routinely stated that cost of repairs is the proper measure of damages for a lessee's breach of a covenant to maintain premises in good repair. *See, e.g., Darlington v. DeWald,*

---

1. The lease requires the lessee to "keep [the premises] in good order and repair as they are now, reasonable wear and tear ... excepted. The Lessee agrees to surrender the demised premises in the same condition in which Lessee has herein agreed to keep the same during the continuance of this lease."

194 Pa. 305, 45 A. 57 (1900); *Platt v. City of Philadelphia,* 183 Pa.Super. 486, 133 A.2d 860 (1957); *Kennedy v. Loose-Wiles Biscuit Co.,* 94 Pa.Super. 602 (1928). However, with the exception of one common pleas decision, the reported Pennsylvania cases have not discussed whether cost of repair damages should be reduced to the extent they exceed the diminution in the premises fair market value. I am, therefore, called upon to decide this issue as I anticipate it would be decided if presented to the Pennsylvania Supreme Court. *Keystone Aeronautics Corp. v. R.J. Enstrom Corp.,* 499 F.2d 146 (3d Cir.1974).

▇ In an action for breach of contract, an aggrieved party is entitled to recover his actual damages. *See* RESTATEMENT (SECOND) OF CONTRACTS § 347 (1981). For actions like that *sub judice,* "[c]ost of repairs is merely a convenient way to quantify the damage a lessor has suffered." *Bowes v. Saks & Co.,* 397 F.2d 113, 116 (7th Cir.1968). This "convenient" measure, however, should not be applied when it is unrelated to the actual damage suffered by the lessor. *Pennsylvania Cement Co. v. Bradley Contracting Co.,* 11 F.2d 687, 688 (2d Cir.1926) (L. Hand, J.). Because the actual damage suffered by a lessor is the damage to his reversionary interest, "cost of repairs" is not the proper measure of damages when that cost exceeds the diminution in the value of the reversionary interest. *Id.*

As explained in the one reported Pennsylvania case deciding the issue, full performance of the covenant by the lessee would have given the lessors "a barn worth $7,500 at the time this suit was started. They would not have had a stone barn worth but $5,000 [its value as a result of the lessee's breach] plus upwards of $25,000 in cash.... " *Giordano v. Brandywine Mushroom Corp.,* 32 Pa.D. & C.2d 522, 525 (Chester Co. 1963). Recognizing that awarding cost of repairs would not only compensate the lessor but also result in the lessor receiving a large windfall, the court refused to award cost of repair dam-

ages. *Id.* at 525. Rather, the landlord was permitted to recover the diminution in the premises fair market value; that is, he recovered the damage to his reversionary interest. *Id.*

▇ I agree that damages should be limited by the reduction in fair market value and conclude the Supreme Court of Pennsylvania would reach that same result.

My decision to limit cost of repair damages when they exceed the injury to the landlord's reversion is in accord with that of other jurisdictions deciding the issue. *See, e.g., Associated Stations, Inc. v. Cedars Realty & Development Corp.,* 454 F.2d 184 (4th Cir.1972); *Bowes v. Saks & Co.,* 397 F.2d 113 (7th Cir.1968); *Missouri Baptist Hospital v. United States,* 213 Ct.Cl. 505, 555 F.2d 290 (1977). These cases recognize the injustice that would result from a blind application of the cost of repair rule. *See, e.g., Bowes,* 397 F.2d at 117 (citing *Giordano,* 32 Pa.D. & C.2d at 525–26). Furthermore, at least one court has given implicit recognition to the social detriment of diverting limited resources when the "expense for repairs would not be a reasonable, practical or economical method of dealing with the property." *Crystal Concrete Corp. v. Town of Braintree,* 309 Mass. 463, 470, 35 N.E.2d 672, 675 (1941).

For all the above reasons, I feel limiting cost of repair damages when they exceed the diminution in the premises fair market value, is the better reasoned view.