578 A.2d 542

**M.A. CRISMAN, Appellant,**

v.

**Stephen D. STIDD and Barbara Stidd, Husband and Wife.**

Superior Court of Pennsylvania.

Argued June 4, 1990.

Filed Aug. 15, 1990.

Anthony H. Chambers, Bradford, for appellant.

Stanley E. Pecora, Jr., Bradford, for appellees.

Before FORD ELLIOTT, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This appeal is from a judgment awarding appellant, M.A. Crisman, $3,076 in connection with a suit appellant brought against appellees, Stephen and Barbara Stidd, for their breach of a covenant contained in a commercial lease. Appellant contends that the trial court erred in failing to apply the proper measure of damages for appellees' breach. For the following reasons, we affirm the judgment below.

On September 22, 1986, appellant filed a complaint in which he alleged that appellees had breached their covenant to repair the premises he had rented to them. He sought damages in the amount of $18,717, the figure appellant alleged was necessary to undo the changes they had made to the premises. A bench trial was held, and the court heard evidence on April 26, 1988, and September 22, 1988. On January 23, 1989, the court below issued its opinion and order, which awarded appellant $3,076 in damages. Following timely filing and argument, appellant's post-trial motions were denied by order dated June 19, 1989. Judgment was entered in favor of appellees on March 22, 1990. This appeal followed.

On May 1, 1980, the parties entered into a written lease agreement in which appellant agreed to lease appellees four rooms located on the ground floor of 14 Mechanic Street, Bradford, Pennsylvania, for the purpose of operating a restaurant and bar. Rent was set at $200 a month for the first year, with an option to renew for an additional two year period under the same terms and conditions, with the rent increasing to $225 a month. Paragraph five of the lease provided that "[lessees] will not injure or deface any part of the premises in any manner, and will keep and preserve the same in good order and at the expiration of said term or any renewal thereof, will deliver up the said premises in as good condition as they now are, natural wear and tear excepted." Appellees occupied the premises for

the three years set forth in the lease and continued to occupy them on a month-to-month basis for an additional six months, ending their occupancy on November 12, 1983. During their occupancy, appellees made certain alterations to the premises in order to better suit them to their business use. The cost of removing these alterations and restoring the premises to its original condition was estimated by appellant to be $18,042. The trial court found that the total value of the premises themselves is approximately $18,000.

The only question presented on appeal concerns the sufficiency of the damages awarded by the trial court. In evaluating the sufficiency of damages, we are guided by certain well-established principles. As our Supreme Court noted in *Incollingo v. Ewing*, 444 Pa. 299, 282 A.2d 206 (1971), a torts case:

> Certain general propositions concerning the law of damages, as contained in our case law, are helpful in making the choice before us. Clearly, damages are to be compensatory to the full extent of the injury sustained, but the award should be limited to compensation and compensation alone. . . . "The rule is to give actual compensation, by graduating the amount of the damages exactly to the extent of the loss." Moreover, except in those cases where public policy allows punitive damages, the loss sustained should be compensated with the least burden to the wrongdoer consistent with the idea of fair compensation to the injured.

*Id.*, 444 at 307, 282 A.2d at 228–29 (citations omitted). The parties have cited no appellate cases in this jurisdiction, and our research has revealed none, that deal directly with the issue of the measure of damages for a tenant's breach of a covenant to repair. Nevertheless, there is authority in Pennsylvania which states that a lessor's damages for a tenant's breach of a covenant to repair should be limited by the reduction in the fair market value of the property in question. *See Fayette R. Plumb., Inc. v. Cooper Industries, Inc.*, 587 F.Supp. 64 (E.D.Pa.1984); *Giordano v.*

*Brandywine Mushroom Corp.*, 32 Pa.D. & C.2d 522 (Chester Co.1963).

Here, the trial court awarded appellant $3,076, a figure it found to be sufficient to restore the rental value of his property to approximately $250 a month, the same level it would be had appellees fully performed the covenant to repair.[1] The basis of the trial court's action was its recognition that it would be wasteful to spend $18,000 to completely undo the work appellees had performed on the property, because undoing that work would not increase the rental value of the property any more than repairs that could be performed for $3,076. Appellant, however, argues that he is entitled to the cost of restoring the property to the *exact* condition it was in before appellees leased it. We disagree. First, we note that the lease itself contains no such requirement: it states only that the premises must be "in as good condition as they now are." The trial court's order fully enforces this language. Moreover, to require full performance of the covenant as construed by appellant would result in an unjust windfall to appellant, as he would have both a building worth $18,000 with a rental value of $250 a month, plus $18,000 cash. There is no evidence or allegation that the $18,000 repairs would increase the rental value of the property more than the $3,076 repairs. Thus, in awarding appellant $3,076 in damages, the trial court fully compensated him for the diminution in the rental value of his property caused by appellees' breach of their covenant to repair. The trial court also avoided ordering appellees to pay appellant a sum equal to the *market value* of his building to compensate him for their failure to make *repairs* to that building, and thereby imposing an overly burdensome penalty upon them. In light of the language contained in the covenant to repair ("as good condition as" before) and the practical considerations governing this case, we agree with the trial court that it would be disingenuous as well as unfair to require appellees to pay appellant the

1. In fashioning this award, the trial court adhered to the principles set out in *Fayette* and *Giordano, supra.* *See* Trial Court Opinion, January 23, 1989 at 7.

amount he seeks. Accordingly, for the above-mentioned reasons, we affirm the judgment below.

Judgment Affirmed.