# Woods, Appellant, v. Marietta Chair Company.

*Landlord and tenant—Repairs—Covenant—Burden of proof—Evidence.*

In an action by a landlord against a tenant bound for repairs, to recover the costs of certain repairs made by the landlord to protect the building, if the tenant denies in his affidavit of defense that the repairs were necessary, and the amount expended was reasonable, the burden is on the landlord at the trial to show what work was done, and that the price paid for the repairs was a reasonable one.

Argued May 6, 1908. Appeal, No. 232, April T., 1908, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1905, No. 238, on verdict for defendant in case of Stephen Woods, James C. Biggert and John A. Sutton, executors and trustees under the will of Sarah L. Woods, deceased, v. Marietta Chair Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit by a landlord against a tenant to recover cost of repairs. Before SHAFER, J.

At the trial the jury returned a verdict for defendant.

On a rule for a new trial SHAFER, J., filed the following opinion:

The principal claim of the plaintiff was for the cost of shoring up a wall of a building which defendant had rented from the plaintiff, to prevent its falling down by reason of an excava-

tion made by the adjoining owner for the purpose of building. The lease provided that the defendant should make repairs for the preservation of the building, and also that the defendant should return the building at the end of the term in as good order and repair as when received. Without discussing the claim of the defendant that the shoring up of the wall under the circumstances was not within either of these covenants, it is to be observed that the only evidence offered by the plaintiff to show the amount of the damage sustained by the breach of these covenants, if any, was the statement of the affidavit of claim that the plaintiff asked for bids from several contractors for doing the work necessary for the preservation of the building, and she let the contract to a certain firm for $495, that being the lowest bid, and that this firm did the work necessary to support and preserve the wall according to their contract, and that the plaintiff paid them the $495. This was admitted in evidence as not denied by the affidavit of defense under the rules of this court. The affidavit of defense, however, denied "that the work alleged to have been done by Kerr & Fox was a repair necessary for the preservation of the building, or that the sum of $495 was a reasonable and proper expenditure for the work alleged to have been performed." We were of the opinion upon the trial and are still of that opinion that under this state of the pleadings the plaintiff was bound to show what work she did, and that what she paid for it was a reasonable price. The defendant's failure to deny that she paid $495 was, under the rule, an admission that she paid it as stated, and if there had been no denial that it was reasonable, it might have been presumed to be so, although there was no allegation to that effect, but the denial of the reasonableness of the amount put the plaintiff upon proof which was not furnished. As to the defendant's set-off for the value of the elevator left by them in the building after the expiration of their lease, we are of opinion that the agreement in the lease that it might be taken away at the expiration of the term did not make it a mere chattel which might be removed at any time, but was intended to give it or assure to it the character of a trade fixture, especially as it was agreed

that all the other additions and improvements to the building should remain. The defendant having allowed the elevator to remain in the building for more than a year before any demand or attempt to remove it, cannot now do so under the agreement authorizing them to remove it "at the expiration of the term."

The motion for a new trial and the several motions for judgment non obstante veredicto are overruled and it is ordered that judgment be entered on the verdict on payment of the verdict fee.

*Error assigned* was in refusing motion for judgment for plaintiff non obstante veredicto.

*Robert Woods Sutton,* for appellant.

*W. A. Way,* of *Way, Walker & Morris,* with him *Fleming Nevin,* for appellee.

Per Curiam, July 15, 1908:

The assignments of error are overruled and the judgment is affirmed upon the opinion of the learned president judge of the court below.