Gertrude Normile *v.* James F. Martell, Appellant.

Argued October 4, 1928. Before POR-
TER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.

*Max C. Baylinson,* for appellant, cited: Vim Motor Truck Co. v. Philadelphia Electric Co., 83 Pa. Superior Ct. 138; Harris v. Blitzstein, 84 Pa. Superior Ct. 498; Gandy v. Klaw, 269 Pa. 320.

*M. J. McEnery,* for appellee, cited: Grant v. Gill, 2 Wharton 42; Simons v. Van Ingen, 86 Pa. 330; Jones v. Gundrim, 3 Watts & S. 531; Darlington v. DeWald, 194 Pa. 305.

OPINION BY GAWTHROP, J., November 21, 1928:

Plaintiff was the owner of a two story laundry building which she contracted to lease to Isaac Friedman for a period of five years, commencing November 1, 1922, at a rental of $25 per month for two and a half years of the term and $35 per month for the remainder of the term. By the terms of the contract it was provided that the lessee should keep the demised premises in good condition "and at the termination of this lease deliver up the said premises to the lessor in as good order and repair as the same now are, reasonable wear and tear and damage by accidental fire excepted," and that any improvements or additions made by the lessee should remain for the benefit of the lessor. The lessee also agreed to pay all charges for water used by him in the building.

Friedman occupied the premises for about a year and a half as a damp wash laundry, and in May, 1924, sold the laundry fixtures, together with the business, to one Hugh Cannon, who in March, 1925, sold the plant to defendant, who bought it for his son who was his father's agent in negotiating the purchase. During the negotiation of this sale Cannon told the son the amount of the rent and that it was payable under the terms of a five year lease of the premises.

Defendant went into possession of the premises immediately and continued to occupy the same as a laundry until April, 1926, during which period he paid to plaintiff a monthly rental of $35 as provided by the lease. According to the testimony of plaintiff, about a week after defendant took possession, he read the lease and said that it was satisfactory and that he would give her a check for the rent. On the same evening he sent her a check for the first month's rent. He continued paying the rent according to the terms of the lease until April, 1926, when he removed the machinery and vacated the premises, which remained unoccupied for a period of four months. This action was brought to recover the amount of four months' rent, the amount of the water rent for which the lessee. was liable, and the cost of putting the property into the condition in which it was when demised to the original lessee. This appeal is from a judgment entered on a finding of the court below after trial without a jury.

The assignments of error complain of (1) the refusal to enter judgment non obstante veredicto; (2) the admissions of certain evidence; and (3) the refusal of a new trial.

It is urged that appellant was entitled to have judgment entered for him, notwithstanding the finding of the trial judge, for two reasons, first, because there was a material variance between plaintiff's allegations and her proof, and second, because no assignment of the lease to appellant was proved.

The averment in the statement of claim was that Friedman sold the laundry business to defendant, who took an assignment of the lease. At the trial plaintiff admitted that this was an error and that the laundry was sold by Friedman to Cannon, who in turn sold it to defendant, who became assignee of the lease. We regard this variance as immaterial. It did not go

to the heart of the case by substituting a new cause of action or a different contract. The material fact for plaintiff to set up and prove was that defendant was an assignee of the term. The allegations from which the proofs must not materially vary and with which they must be consistent are those averments of fact which, if substantiated, would entitle him to recover: Lederman v. Lazarus, 80 Pa. Superior Ct. 602, 607. We are clear that it was not error for the court below to refuse the motion for judgment on this ground.

The contention that there was no assignment of the lease to defendant cannot be sustained. There was no assignment in writing, but the evidence warrants a finding that there was a valid parol assignment to him. This was sufficient to invest defendant with an estate for less than three years notwithstanding the prohibition of Sec. 2 of the Statute of Frauds of March 21, 1772, 1 Sm. 389. The exception stated in the first section of this act applies to the second (McKinney v. Reader, 7 W. 123). An assignment of a term for years occurs where the lessee transfers his entire interest therein without retaining any reversionary interest: Stevenson v. Dersam, 275 Pa. 412; Lloyd v. Cozens, 2 Ashm. 131. It was held at an early day that a covenant to repair and deliver up the premises in good order and repair, runs with the land and binds the assignee (Pollard v. Shaffer, 1 Dallas 210). It follows that defendant was not entitled to, a directed verdict, or judgment notwithstanding the verdict, on this ground.

In support of the contention that a new trial should have been awarded several reasons are urged. The first is that plaintiff failed to establish that the expenditures for repairs for which she seeks to recover were necessary to put the premises in the condition they were when Friedman took possession, ordinary

wear and tear being taken into consideration; that there was no testimony as to the condition of the premises at the time of the leasing to Friedman; and that the only evidence as to their condition related to that existing after defendant vacated them. Plaintiff testified that at that time she made an inspection of the premises and found "that the upstairs floor where they had a big water boiler, when they took that out they had the floor all ripped up; they had to take the door frame out, and they tore some of the bricks out to get this boiler out, and they just simply put the bricks in and pushed the frame of the door back, not nailing it or anything ...... There were bricks pulled out, and downstairs where they had pipes running through the wall, he took those pipes out and that left holes in the wall and left the bricks out ...... The floor had been cut through to put gutters in for their drains for the washers and I couldn't rent it before the floor was fixed." This is substantially the entire testimony on behalf of plaintiff to establish the fact that defendant failed to comply with the covenant to keep the premises in good order and repair. It refers solely to the condition of the building resulting from the removal of the laundry appliances. But the judgment includes the cost of work done and material used in replacing stairs, replacing roof and rafters, shoring up rafters, putting in new girders and rebuilding a shed, items not covered by plaintiff's evidence of damage. There is no evidence that these repairs were made necessary by a failure to put the premises in the condition they were when Friedman took possession, wear and tear excepted. It follows that the finding of the trial judge should not have included an allowance for the cost thereof. As it is impossible for us to calculate the amount of the judgment which represents these items, the case must go back for retrial.

As the case must be retried, we shall refer briefly to some of the other questions raised. The affidavit of defense denied that the repairs made to the building by plaintiff were necessary, and that the prices paid for them were fair and reasonable. Plaintiff produced no evidence on the issue thus raised. The burden was on the landlord to show not only what work was done, but that the price paid for the repairs was a reasonable one: Woods v. Marietta Chair Co., 37 Pa. Superior Ct. 39. Again, it is complained that the bills for repairs were admitted in evidence, although no one was called to explain them or to testify in detail as to the work done. The bills were only admissible in corroboration of oral testimony as to the expenditures. Proper ground for their admission should be laid at the next trial. See Gandy v. Klaw, 269 Pa. 320.

The judgment is reversed and a new trial is awarded.