## Brownsville Second National Bank *v.* London & Landcashire Ins. Co., Appellant.

Argued October 1, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Llewellyn,* with him *Sturgis & Sturgis* and *A. H. Rosenberg,* for appellant.—Subrogation in equity does not occur unless or until the full debt is paid: Forest Oil Co.'s App., 118 Pa. 138.

If appellant on payment is entitled to subrogation to the extent of the payment, it follows that after and on offer of payment plaintiff held the mortgage security for

the use and benefit of appellant to the extent of its interest.

Plaintiff's holding was not absolute, but limited and defined by the contract so as to impose on it the usual and ordinary obligations springing from a trust relationship: Molaka v. Ins. Co., 29 Pa. Superior Ct. 149.

The measure of diligence and care required of a trustee is precisely that which a man of ordinary prudence would practice in the care of his own estate: Fahnestock's App., 104 Pa. 46.

The term of the contract is not "after" as thus stated, but "thereupon," indicating that payment and subrogation are to be simultaneous.

*Linn V. Phillips*, of *Playford & Phillips*, for appellee, cited: Landberg v. Investment Co., 292 Pa. 477.

OPINION BY MR. JUSTICE SCHAFFER, November 25, 1929:

To this action by the Second National Bank of Brownsville, holder of a mortgage of $20,000 made by Charles E. Shields, appellant insurance company interposes a defense to a policy inuring to the benefit of the mortgagee, which to our minds is more ingenious than sound.

The total insurance on the property, which had been damaged by fire, amounted to $35,000 in eight different companies. While this suit is upon but one of the policies, it has been agreed that the result in this case shall control the others. There had been an appraisement of the loss by agreement of the insured and the companies, to which, however, plaintiff was not a party. It fixed the loss at $11,083. The companies claimed not to be liable to the owner for reasons not material here, offered to show that they were prepared to pay to plaintiff the amount of the loss as fixed by the appraisement award, upon acknowledgment of subrogation by the former to the extent of the payment made, and in an amended affi-

davit of defense set up that they were relieved of all liability because the plaintiff had, pending the suits, foreclosed the mortgage and caused the property to be sold at sheriff's sale for a nominal price, whereby their complete right to subrogation was defeated.

Appellant's position is that it was not liable to the owner; that upon proffer of payment to plaintiff of its proper proportion of the loss as fixed by the appraisement, it had a right to be subrogated to an interest in the mortgage to the extent of the payment offered; that plaintiff, after notice of appellant's claim of no liability to Shields, the owner, and demand for subrogation, held the mortgage, if in fact appellant was not liable to Shields, for its use and benefit, to the extent that it had a right to be subrogated; and, that the act of plaintiff in sacrificing the mortgaged property, thereby destroying the mortgage security, rendered plaintiff liable to it to the extent that it was injured thereby, so that plaintiff's claim should be abated or reduced ratably to the loss its wrongful act inflicted upon appellant.

In view of the provisions of the policy, the position assumed by appellant is untenable. It provides, "Loss or damage, if any, under this policy, shall be payable to Second National Bank of Brownsville, Pa., as first mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, *nor by any foreclosure* or other proceeding." By the very words of its policy, appellant had stipulated that the mortgagee's interest under it should not be invalidated by foreclosure proceedings. Having so contracted, it cannot be heard to say that by foreclosing the mortgage appellee jeopardized any of its rights.

Nor is appellant in any better case so far as its claim of preferred payment giving it the right to subrogation is concerned. Not the proffer to pay but actual payment is what brought subrogation to it, because that is

what the policy in express terms provides, "Whenever this company *shall pay the mortgagee* (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, *to the extent of such payment, be thereupon* legally subrogated to all the rights of the party to whom such payments shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, *pay* to the mortgagee (or trustee) *the whole principal due* or to grow due on the mortgage, with interest, and shall *thereupon* receive a full assignment and transfer of the mortgage and all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of its claim." This is in accord with the usual rule governing subrogation. "It is generally held that the doctrine of subrogation requires that the person seeking its benefit must have paid a debt due to a third person before he can be substituted to that person's rights; and that it is not a liability to pay but an actual payment to the creditor which raises the equitable right to subrogation": 25 R. C. L. page 1315; Insurance Co. of North America v. Fidelity, etc., Co., 123 Pa. 523; Gawthrop Co. v. Fibre Specialty Co., 257 Pa. 349. Appellant's argument that if upon payment it be entitled to subrogation to the extent thereof, it follows that upon offer of payment, plaintiff held the mortgage security for the use and benefit of appellant to the extent of its interest, finds no support in the language of the policy. Plaintiff was in no sense a trustee for it as appellant contends.

The judgment is affirmed.