Fidelity Title and Trust Company *v.* Garrett,
Appellant.

Argued March 29, 1937.   Before SCHAFFER, MAXEY,
DREW, LINN, STERN and BARNES, JJ.

*Stewart P. McConnel,* for appellant.

*F. G. Moorhead,* of *Moorhead & Marshall,* with him *A. Leo Weil, Jr.,* of *Weil, Christy & Weil,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 25, 1937:

Defendant appeals from an order of the court below refusing to open a judgment entered upon a bond secured by a mortgage. The real issue between the parties is whether the plaintiff mortgagee is claiming in the judgment and execution more than is justly due upon the bond and mortgage.

From the evidence it appears that in 1929 defendant, Perry A. Garrett, was the owner of two lots in the Borough of Aliquippa, Beaver County, upon which there was erected a three-story apartment house, with a storeroom on the ground floor, and twelve apartments on the other floors. On January 3, 1929, he borrowed $50,000 from the plaintiff Trust Company, securing the loan by his bond and mortgage upon this apartment house. The mortgage loan was payable within three years.

On March 16, 1931, defendant entered into a written agreement to sell the mortgaged premises to one Joseph Valicenti, for the consideration of $101,426.56, payable $1,500 upon the execution of the agreement, and the bal-

ance in monthly installments of $930. Possession of the premises under the agreement was to be held by the purchaser, to whom also was given the right to have and receive the rents from the property. According to the agreement of sale, the defendant remained liable for the payment of the mortgage which encumbered the premises, and expressly agreed that he would faithfully perform its terms and conditions. Upon the execution of the agreement of sale Valicenti entered into possession of the premises.

Neither Valicenti nor Garrett complied with the terms of the agreement of sale. Valicenti defaulted in the monthly payments of $930, and Garrett was in arrears in the payments due upon the mortgage. Accordingly, eight months later, on November 16, 1931, the parties entered into a supplemental agreement, reducing the monthly purchase payments from $930 to $600. This agreement contained a provision whereby Garrett authorized Valicenti to make the monthly payments for the purchase of the property directly to the Fidelity Trust Company, or any succeeding holder of the first mortgage, until the debt was paid in full. To the date of the new agreement, Valicenti's payments to Garrett amounted to $7,239.41, whereas in the same period Garrett had paid to plaintiff on the mortgage account only $1,494.38. The new agreement recited that the amount of principal then due upon the mortgage was $44,363.15, and the balance of purchase money due from Valicenti to Garrett was $100,193.34.

Shortly thereafter, on November 30, 1931, Joseph Valicenti leased the store floor and one apartment of the premises to Peter and Anthony Wilson, trading as Wilson Furniture Company. The lease required the Wilsons to pay rent of $100 per month, furnish heat and janitor service for the entire building, and to maintain it in good order and repair. It designated the Wilsons as the rental and collection agents for the building, and provided that all rents collected by them were to be paid

"to the Fidelity Trust Company or Perry A. Garrett . . . as directed in writing by Joseph A. Valicenti."

The rents received from the premises from November 30, 1931, to May, 1932, were collected by Harry W. Leonard, Esquire, attorney for Wilson Brothers, and from May, 1932, to October, 1936, when this proceeding was instituted, the collections were made by Wilson Brothers themselves. The rentals so received were paid over to the Trust Company and credited upon its books to the mortgage account of the defendant. During this entire time the mortgage continued in default. On October 13, 1936, there was due on account of the principal of the mortgage the sum of $44,363.15, and the unpaid interest amounted to $9,012.63. Taxes on the property were delinquent to the extent of $5,192.88. It is not disputed that the payments received by the Trust Company were less than the amount required to discharge the carrying charges upon the mortgaged premises.

In 1933, at the request of the Trust Company, Garrett executed an assignment of rents to the Company, by the terms of which all rentals received from the property were applicable to mortgage interest, taxes, insurance premiums, repairs, and to the reduction of the mortgage principal.

On October 13, 1936, plaintiff caused a judgment of $53,375.78 to be entered upon the bond of defendant, which sum represented the balance of principal and the arrears of interest then due upon the mortgage. In addition thereto delinquent taxes and an attorney's commission of 5% were claimed. Defendant then filed this petition to open the judgment, averring that the plaintiff was his trustee for the purpose of collecting the rents from the mortgaged premises, and that if a proper accounting were made by plaintiff it would be shown that the amounts received were sufficient to pay the mortgage indebtedness in full. Plaintiff in its answer denies that it was acting as trustee for defendant. It attaches to the answer an itemized statement of all payments received

by it from the defendant, and of all rents subsequently paid to it from the property, and avers that full credit has been given for the amounts received. After hearing, the court below discharged the present rule upon the ground that there was no evidence presented by defendant to justify the opening of the judgment. It did, however, direct that a credit be entered upon the judgment to the extent of $121.41, representing an interest charge made by plaintiff in its account. From the order accordingly entered defendant has taken this appeal.

It is the contention of defendant that plaintiff was acting as his trustee in the collection of the rents and in the operation of the apartment building. He insists that plaintiff should have exercised greater diligence in its efforts, so that the income from the property and the corresponding credits upon the mortgage debt would be in larger amount. Defendant says that due to the carelessness of plaintiff in failing to collect rents, and in allowing excessive and unauthorized expenses, he has suffered losses for which plaintiff should be held to an accounting and surcharge, which would reduce the amount alleged to be due upon the mortgage. In support of his position defendant calls attention to the following cases: *Randal v. Jersey Mortgage Investment Co.*, 306 Pa. 1; *Bulger v. Wilderman and Pleet*, 101 Pa. Superior Ct. 168, and *Integrity Trust Co. v. St. Rita B. & L. Assn.*, 112 Pa. Superior Ct. 343, affirmed by this Court in 317 Pa. 518. In our opinion these authorities have little application to the question here presented, because it is apparent that the plaintiff is neither a trustee for defendant, nor a mortgagee in possession.

We are unable to find in the record any evidence which points to the creation of a trusteeship. On the contrary, the payments of rent to the Trust Company were made at the direction of defendant as the owner of the property and as obligor upon the mortgage bond. It clearly appears from the agreement of November 16, 1931, that defendant expressly authorized Valicenti to make the

monthly purchase payments direct to the Trust Company, and in liquidation thereof Valicenti, in the lease to Wilson Brothers, directed them as his rental agents to pay all rents collected from the property to the Company. It is difficult to conceive how the receipt of rents under such circumstances could constitute the plaintiff a trustee for defendant.

Moreover, we are not in accord with defendant's view that the Trust Company was constructively a mortgagee in possession. There is no evidence that the Company, as mortgagee, exercised its right upon default to enter upon the mortgaged premises to take possession thereof, and to collect rents from the tenants in the property. It is manifest that at all times prior to the present foreclosure proceeding the premises were in the possession and control of the owner of the property, and those claiming under him, that is to say, of defendant, or his vendee, Valicenti, or the Wilson Brothers as agents of Valicenti. It is also shown that the collection of rents was made by the owner of the property without hindrance of the plaintiff. The assignment of rents executed by defendant in favor of the Trust Company did not automatically make plaintiff trustee for defendant, nor by itself establish the fact that plaintiff had actually taken over the management of the property and the collection of the rents. Defendant failed to prove that plaintiff had exercised any of the powers conferred upon it by this assignment. Hence we are unable to find any merit in these contentions of the defendant.

For the reasons stated there can be no greater duty imposed upon plaintiff than to give defendant full credit for all payments received upon the mortgage account. The court below has found that the amount claimed by plaintiff in the present judgment and the execution issued thereon is the amount actually due and payable, with the exception of the small interest item referred to. Such finding of fact of a trial judge, supported by the testimony and sustained by the court in banc has the

force and effect of the verdict of a jury and will not be disturbed on appeal: *Belmont Laboratories, Inc., v. Heist*, 300 Pa. 542; *Feuerstein v. New Century Realty Co.*, 304 Pa. 271.

A petition to open a judgment is addressed to the sound discretion of the court below whose duty it is to determine whether the petitioner has a just defense to the claim upon which the judgment is based: *Jenkintown Nat. Bank's App.*, 124 Pa. 337; *Warren Sav. Bk. & Tr. Co. v. Foley*, 294 Pa. 176; *Spanko v. Trisick*, 307 Pa. 166. When an appeal is taken from an order refusing such petition the only question before the appellate court is whether, in view of all the evidence, the action of the court below constitutes an abuse of discretion: *Rambo B. & L. Assn. v. Dragone*, 311 Pa. 422; *Olney Bank & Tr. Co. v. Gettlin*, 318 Pa. 76. We are satisfied that no such error appears in the present case, and the court below was justified in refusing to open the judgment. This conclusion makes unnecessary a discussion of other questions raised by this appeal.

Judgment is affirmed. Costs to be paid by appellant.