Murney et al., Appellants, v. Rudderow et al.

Argued October 12, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Jacob Weinstein*, with him *Frank T. Matthews*, for appellants.

*Benjamin H. Ludlow*, for appellees.

OPINION BY KELLER, P. J., January 27, 1938:

This is an action of assumpsit brought by the plaintiffs, as purchasers at sheriff's sale of Philadelphia real estate, under a writ of levari facias upon a mortgage held by them, against the former owners for reimbursement of taxes paid the City and School District after the acknowledgment and delivery of the sheriff's deed, which had been assessed during the defendants' ownership of the real estate and were not discharged by the sale.

On January 16, 1914 Mary A. Rudderow, mother of the defendant appellees, became the owner of premises No. 280 South 23d Street, Philadelphia. With the joinder of her husband she gave, on that date, a purchase money mortgage, and accompanying bond, for $6,000 covering the said real estate. This mortgage and

bond, by various transactions not necessary to be recited, became the property of the plaintiffs. On January 22, 1926 Mary A. Rudderow died testate. By her will she devised this real estate to her two sons, the defendants, who remained in possession of it until it was sold under foreclosure proceedings on the mortgage on June 3, 1935 and purchased by the holders of the mortgage. After the acknowledgment and delivery of the sheriff's deed the purchasers paid the taxes on the mortgaged premises, which had not been discharged by the sale, amounting, including arrearages for 1931, 1932, 1933 and 1934, to $1,364.33, and reimbursement for the same having been demanded of the defendants and refused they brought this action of assumpsit. This appeal is from the order of the court below refusing judgment for want of a sufficient affidavit of defense. The order must be reversed.

The fact that the expenditures made by the defendants during their ownership of the real estate for taxes, interest, repairs, etc. exceeded the revenue received by them is wholly immaterial and ineffective as a defense to this action. Nor are defendants relieved from liability by the averment in the affidavit of defense that when the instalment of mortgage interest fell due on July 16, 1934 they directed the tenant of the building to pay "for their [defendants'] account" the sum of $180 to be applied by appellants "to cover the mortgage interest due July 16, 1934 or as a payment on account of taxes in arrears, as to said Girard Trust Company, acting for said plaintiffs, might seem best," and that said company, acting for the plaintiffs, applied the same to the payment of interest, although at the time it knew that the mortgaged premises were chargeable with arrearages of taxes amounting to $1,155.65. This averment, accepted as true, created no countervailing equity equal or superior to the plaintiffs' right of subrogation to the City's and School District's claims for taxes. The de-

fendants made no appropriation of the instalment of rental to taxes in arrears. The plaintiffs were not mortgagees in possession of the mortgaged premises. Hence, citations of cases dealing with mortgagees in possession are not in point here. Defendants remained in possession and control of the premises up to the acknowledgment and delivery of the sheriff's deed. They could have applied the rentals due them, when received, to the payment of the arrearages of taxes, if they had seen fit to do so. When defendants gave the holders of the mortgage the option of applying the instalment of rent paid by their tenant (1) as a payment on the mortgage interest due or (2) to the payment of arrearages of taxes, they could not justly or equitably complain of the application of the payment made by the appellants under that option. As debtors, they had it in their own power, themselves, to appropriate the payment, and if for their own seeming advantage, at the time, they gave up that power and authorized the plaintiffs, as creditors, to apply it, if they saw fit, to the mortgage interest then due, they have no legal ground of complaint or equitable claim arising from such application. The holders of the mortgage were under no duty, whatever, to apply the payment made to them by defendants' tenant, pursuant to defendants' orders, to the payment of arrearages of taxes rather than to the mortgage interest due. The learned judge of the court below has misconceived the legal effect of the decisions in *Bulger v. Wilderman & Pleet,* 101 Pa. Superior Ct. 168; *Gawthrop Co. v. Fibre Specialty Co.,* 257 Pa. 349, 101 A. 760; *Harper v. Consolidated Rubber Co.,* 284 Pa. 444, 131 A. 356; *Tryon v. Munson,* 77 Pa. 250, in holding that a mortgagee, who is in receipt of money from the *mortgagor in possession,* not specifically appropriated by the latter, is under any duty to apply it to arrearages of taxes rather than on account of the mortgage interest then due. If the mortgagor does not himself appropri-

ate it to the taxes, the mortgagee is under no obligation, legal or equitable, to do so for him. The mortgagee is not, in any sense of the word, a trustee or quasi trustee for the mortgagor who remains in possession of the mortgaged real estate. See *Fidelity Title & Trust Co. v. Garrett,* 327 Pa. 305, 309, 194 A. 398.

No exceptions were filed to the sheriff's sale. The Deficiency Judgment Act of January 17, 1934, P. L. 243, had no effect on the right of the city and school district to collect by actions of assumpsit, the taxes due them, respectively, by the owner of the land, which were not discharged by the sheriff's sale, nor on the right of the purchasers of the real estate at sheriff's sale, upon foreclosure of their mortgage, to be subrogated to those rights on payment by them of the taxes due by the owner: *Penna. Co. v. Verlenden,* 119 Pa. Superior Ct. 398, 401, 181 A. 603. See also *Beaver Co. B. & L. Assn. v. Winowich,* 323 Pa. 483, 187 A. 481.

The case of *Penna. Co. v. Bergson,* 307 Pa. 44, 159 A. 32, is conclusive of the right of the plaintiffs, after they became the purchasers at sheriff's sale on foreclosure of their mortgage, to pay the taxes assessed during the ownership of the defendants, which were unpaid at the date of the sheriff's sale and were not discharged by that sale, and recover them from the defendants. By paying the taxes the plaintiffs became subrogated to the rights of the City and School District to collect them by actions of assumpsit. The affidavit of defense sets up no legal or equitable countervailing defense equal or superior to their right of subrogation.

The order is reversed and, pursuant to the Act of April 18, 1874, P. L. 64, the record is remitted to the court below with directions to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.