## Keystone National Bank of Manheim, to use, *v.* Deamer, Appellant.

Argued November 12, 1940.

Be-
fore CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*Dawson H. Muth,* of *Body, Muth & Rhoda,* for appellant.

*Geo. B. Balmer,* with him *H. Clay Burkholder* and *Zieber & Snyder,* for appellee.

OPINION BY RHODES J., February 28, 1941:

This is an appeal by defendant from an order of the court below dismissing his petition and discharging rule to open a judgment entered by confession against him on a judgment note given by him to the Keystone National Bank, Manheim, Pa., and by it assigned to Laura S. Balmer, executrix of the last will and testament of John A. G. Balmer, deceased. The sole ques-

tion for review is whether the court below abused its discretion in refusing to open the judgment. *Fidelity Title & Trust Co. v. Garrett,* 327 Pa. 305, 311, 194 A. 398; *Roper v. Scevcnik et al.,* 128 Pa. Superior Ct. 453, 457, 194 A. 333.

The judgment was entered August 17, 1932, upon a note for $1,000, dated July 1, 1932, and executed by defendant to the order of the bank. The judgment was revived on August 10, 1937, by defendant's agreeing that an amicable scire facias be entered. John A. G. Balmer died in April, 1938. On January 17, 1939, it was assigned by the bank, and the executrix caused a writ of fieri facias to issue. Defendant's real estate was levied upon by the sheriff by virtue of that writ. On March 25, 1939, defendant presented his petition to open judgment; a rule was granted thereon; and an answer was filed by the executrix which denied the material averments of the petition. Depositions were then filed by defendant. Defendant set forth in his petition that there had been payment of the note to John A. G. Balmer, and that he had consented to the amicable scire facias to revive judgment as the result of fraudulent misrepresentations made by Balmer and by the cashier of the bank. Defendant further averred therein that Balmer owed him more than the amount of the note on which the judgment was entered; that there was an agreement between Balmer and defendant that the goods, property, articles, labor, services, etc., furnished by defendant to Balmer were furnished and rendered in payment and satisfaction of the note; and that defendant owed nothing thereon.

The petition does not present the circumstances under which the note was executed. The testimony, however, indicates that defendant executed the note because Balmer urged him to make certain improvements upon his, defendant's, farm, and that Balmer said he would give defendant the money, which the latter could pay back at his convenience. The petition

contains no allegation that Balmer actually advanced any money to defendant. Nor is there any allegation that the bank did not give value for the note in question, or that defendant did not receive value for it. Likewise, there is no averment that defendant paid the bank, the original holder and payee of the note, anything on account of the principal of the note.

From the opinion of the court below, by SCHAEFFER, P. J., we adopt the following:

"Defendant does aver that he and Balmer agreed that the amounts owing to defendant by Balmer 'were credited to the account of the said John A. G. Balmer on account of the note in the sum of $1,000 dated July 1, 1932, upon which judgment has been entered herein, as well as upon other obligations of the said defendant to the said John A. G. Balmer.'

"In other words, defendant contends that they agreed that Balmer should pay defendant for personal property and services by assuming defendant's obligation to the bank. But there is no allegation that the bank agreed to look to Balmer instead of to defendant for payment—or that the bank, prior to 1937, had any knowledge of such agreement. No novation is alleged.

"In fact, nothing is alleged which would have prevented the bank from proceeding against defendant for the collection of the full amount of the judgment prior to its assignment of the note.

"Accordingly, there has been no payment of, or on account of, the principal of the note—prior to the assignment—to the payee and holder of the note.

"The defendant was bound by the note and by the judgment to the bank and not to Balmer. If Balmer did not carry out his agreement with defendant by paying the note at the bank, the defendant, in the absence of an agreement by the bank to look for payment to Balmer instead of to defendant, cannot assert that he has paid the note."

The assignment of the note to Balmer's executrix

did not change defendant's burden. He had not paid the judgment to the bank or to the executrix, and he cannot set off his claim against deceased for services rendered and goods sold, which is not reduced to judgment, against this claim which rests in judgment. *Thorp v. Wegefarth,* 56 Pa. 82; *McKee v. Verner,* 239 Pa. 69, 86 A. 646; *Kramer v. Moss,* 90 Pa. Superior Ct. 550.

As to the contention of fraud on the part of the bank's cashier in inducing defendant to sign the amicable scire facias to revive the judgment in 1937, the petition is silent as to the nature and character of the misrepresentations. Defendant in his deposition asserts that, at the time of the revival, which was after Balmer's alleged indebtedness had been created, he stated to the bank cashier: "Mr. Balmer is paying the interest on this note and he knows that he promised me to lift the note as soon as he was able to do so." He also testified that the cashier replied: "We will have to have it [the revival] to keep the bank records straight."

We agree with the court below that in this there is no evidence of fraud which would vitiate defendant's consent to the revival, and that nothing that the cashier said is alleged to have been false. Even if Balmer had agreed to pay the note and take it out of the bank, he did not do so. Defendant was fully aware of this when he signed the revival. For several years defendant recognized his liability to the bank on this note by the payment of interest thereon. For breach of agreement defendant may have just cause to complain against Balmer, but such complaint cannot now be raised to avoid payment of the judgment against him, which is unsatisfied of record, and which had been revived with his consent.

Neither in the petition nor in the testimony was the nature of the note questioned. Defendant now presents the argument that it was given as collateral security. We are unable to find any merit in this contention. The only issues to be considered are those raised by the

petition and answer, and the court grants relief only on the grounds embraced therein. *Carr v. Aetna Accident & Liability Co.*, 263 Pa. 87, 93, 106 A. 107; *Warren Savings Bank & Trust Co. v. Foley,* 294 Pa. 176, 178, 144 A. 84; *Miller v. Mastrocola et al.,* 133 Pa. Superior Ct. 210, 213, 2 A. 2d 550. If there was any basis for such a claim, defendant would naturally have raised it at the proper time, but he proceeded upon the theory that, because Balmer became indebted to him for more than the amount of the note, he ceased to be liable. In his petition and in his depositions he recognized its validity and his primary liability thereon.

It is clear to us that defendant's defense is in the nature of a set-off against the amount for which he became indebted to the bank at the time of the giving of the note. If he has a just claim against Balmer for services rendered, or for personal property sold and delivered, he may assert it at the proper time and place. The defense upon which he relies is of no avail to prevent payment of the judgment against him.

As we are of the opinion that the court below did not abuse its discretion in refusing to open the judgment, it is not necessary for us to discuss the competency of defendant's testimony concerning happenings occurring before the death of Balmer, or to comment on the nature or sufficiency of defendant's book account with Balmer.

The order of the court below is affirmed.