## Karp v. Levine

*S. H. Black,* for plaintiffs.

*S. Wurtman,* for defendants.

OLIVER, P. J., October 26, 1955.—This case comes before us on a petition to open a judgment. We have decided to grant defendants' petition for the reasons hereinafter stated.

On January 22, 1951, plaintiff-landlords and defendant-tenants entered into a written lease, under the terms of which defendants leased the first floor store and one-half of the basement of 3134 Ridge Avenue, Philadelphia, for a period of three years. Defendants continued their tenancy under the lease until the middle of July, 1952, and at that time they surrendered the lease and the key to the premises to one William Nevin, who as agent for plaintiffs, accepted the surrender and the key.

Pursuant to the provisions of the lease, judgment was confessed against defendants on September 19, 1952 and, subsequent to the death of plaintiff-husband on March 7, 1954, the attorney for Sylvia Karp gave the first actual notice of the entry of judgment to defendants and demanded satisfaction of the judgment.

The parties thereafter attempted to settle their difficulties but without success, and on June 7, 1955, defendants filed a petition to open judgment. Oral depositions of defendant-husband and other witnesses were taken July 17, 1955. Surviving plaintiff, Sylvia Karp, was present, but did not testify.

"A proceeding to open a judgment is governed by equitable principles and is addressed to the sound discretion of the court": Deviney v. Lynch, 372 Pa. 570, 574 (1953). And the existence of a just, meritorious, sufficient and valid defense to the original section on which the judgment is entered is a prerequisite to the opening of the judgment: Fidelity Title Trust Co. v. Garrett, 327 Pa. 305 (1937); Ferguson, Exrx., v. O'Hara et al., 286 Pa. 37 (1926); Roper v. Scevcnik et al., 128 Pa. Superior Ct. 453 (1937). Further, "In considering whether a judgment should be opened, the courts are limited to a consideration of the questions raised in the petition and answer": Land Title Bank and Trust Co. v. Kolker, 159 Pa. Superior Ct. 529, 531 (1946).

Initially, defendants are not precluded from raising a defense at this time because of laches. There is no evidence of actual knowledge on the part of defendants that a judgment was entered against them prior to the demand for satisfaction, which was made almost two years later. In addition, the parties have agreed that there has been no laxity in any respect during the period of September 15, 1954, (the date defendants

had actual knowledge of the judgment) to June 7, 1955, (the date the petition was filed). Under the circumstances, defendants were not guilty of laches.

Defendants assert that, as a result of an oral agreement between Morris Karp, lessor-husband, and Charles S. Levine, one of the defendants, there was a surrender of the lease. Surviving plaintiff denies the existence of such an agreement because of insufficient knowledge to form a belief as to the truth or falsity of defendants' allegation. But it is significant in this case that judgment was entered by an agent of plaintiffs without notice to defendant, and that satisfaction was not demanded until almost two years later and *after* the death of plaintiff-husband, who allegedly was a party to the surrender agreement.

Plaintiff objects to the opening of the judgment at this time on the grounds that there was no consideration for the alleged agreement not to hold defendants on the lease, and that there could be no oral rescission of the lease.

"To constitute an express surrender, no set form of words is necessary, nor is it required there should be a formal re-delivery or cancellation of the deed or other instrument which created the estate to be surrendered. All that is requisite is the agreement and assent of the proper parties manifesting such an intent, followed by a yielding up of the possession to him who hath the greater estate, . . .": Greider's Appeal, 5 Pa. 422 (1846).

"The mutual unexecuted undertakings of an existing contract are a sufficient consideration for the cancellation of such contract. . . . If the modification of the contract took place as the defendant alleges, the mutual acceptance of the modification was a sufficient consideration": Himeles v. Rose, 84 Pa. Superior Ct. 363 (1925).

In the present case, defendants state in their petition, although it is not as precise and clear in its allegation as it might be, that, in addition to the surrender of the rights under the lease, and the acceptance of such surrender by plaintiffs, deceased plaintiff accepted an air conditioner as further consideration for the agreement not to hold defendants liable under the lease. The depositions of defendant-husband and four other witnesses, who were frequently on the premises during the period of the tenancy, indicate that such an agreement did exist, and, if believed, it would further sustain defendants' contentions.

Likewise, we cannot agree with plaintiffs' second objection that there could be no oral termination of the lease in question. Clearly, the Statute of Frauds in Pennsylvania does not preclude a parol agreement rescinding a written lease with an unexpired term of less than three years: Normile v. Martell, 95 Pa. Superior Ct. 139 (1928). And although clause 26 of the lease provides, ". . . It is further understood and agreed that, except as herein otherwise provided, no subsequent alteration, amendment, change or addition to the lease shall be binding upon Lessor or Lessee unless reduced to writing and signed by them," this does not preclude absolutely a parol surrender. In Gallagher v. Wood, 101 Pa. Superior Ct. 354 (1930), it was recognized that defendant could show a parol agreement terminating a lease even though it required written notice of termination.

In the instant case, there is evidence that a "friendly and brotherly feeling" existed between the parties, and on various occasions the landlord expressed deep concern because defendants were not making a living in the store. Mr. Karp was quoted as saying, "You have tried several things; there is actually no sense in this. Why don't you give it up? I think you would be better to go out on your own. I don't think I'd have

any trouble renting this place. I'm not going to hold you to anything. We have been pretty much of a gentleman with one another." Stanley Cohen testified that the moving of defendants was accomplished in a very amicable manner with no objection from the landlord. If the landlord, by his conduct, waived the right to a written agreement, then the fact that defendants assert a parol agreement would not bar a defense at this time. In Lawton v. DeAngelo, 169 Pa. Superior Ct. 380, 382, the court said, "In the surrender of a lease, as in any contract, the intention of the parties governs."

"The issue of fact raised in this case is both substantial and material to the rights and liabilities of the parties": Deviney v. Lynch, 372 Pa. 570, 577 (1953). Therefore, in the sound discretion of this court, defendants' petition to open judgment is granted.

### Order

And now, to wit, this 26th day of October, 1955, defendants' petition to open judgment is granted.