Bradford, Appellant, *v.* American Mutual Liability Insurance Company.

Argued June 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*William A. Goichman,* for appellant.

*Charles F. G. Smith,* with him *Swartz, Campbell & Detweiler,* for appellee.

OPINION BY JACOBS, J., September 12, 1968:

The appellant, Oscar Bradford, was insured by the appellee, American Mutual Liability Insurance Company, under an automobile policy. His wife and two daughters were injured in an automobile collision with an insured third party on August 14, 1963. Medical expenses of $447 were incurred in treating those injuries. On August 26th appellant notified appellee of a claim under the medical expense provision of the policy and appellee sent proof of loss forms on September 28th. On January 15, 1964 appellant mailed medical bills and reports to the appellee and requested payment in the amount of $447. Eight days later, on January 23rd, appellant settled a suit previously brought against the other driver for an amount in excess of $447, and executed a complete release from all claims including the medical expenses. The settlement and release were without the knowledge or consent of the appellee insurance company.

The appellant brought the present suit against his insurer to recover either $149 in legal fees which he incurred in recovering his medical expenses from the tortfeasor, or, alternatively, the full $447 in medical expenses. Initially the case was presented to a panel of arbitrators who found for the appellant. The appeal was heard by the Honorable GREGORY G. LAGAKOS and his decision in favor of the defendant was affirmed by the court en banc. This appeal followed. We affirm.

Reduced to its simplest terms, the appellant's argument is that appellee has failed to comply with the insurance contract, that appellant has complied with the contract, and therefore appellee should pay either what it contracted to pay (i.e., the medical expenses),

or the appellant's cost of procuring alternative relief (i.e., counsel fees).

Our recent decisions in *Demmery v. National Union Fire Ins. Co.,* 210 Pa. Superior Ct. 193, 232 A. 2d 21 (1967); and *Caldwell v. Keystone Ins. Co.,* 212 Pa. Superior Ct. 379, 243 A. 2d 448 (1968), control the disposition of this appeal.

The plaintiff in *Demmery* sought a double recovery of medical expenses. After settling with and releasing the tortfeasor he sought to recover his medical expenses from his insurer. In that suit he attacked a subrogation clause which was virtually identical to that in the instant appeal.[1] After reviewing numerous cases from other jurisdictions, we sustained that subrogation clause as not violating public policy and, in so doing, recognized that an insured's noncompliance with the clause was a complete defense to the insurer's liability on the policy. The plaintiff's release of the tortfeasor had made it impossible for plaintiff to comply with the subrogation clause, thereby precluding reimbursement of his insurer.

The plaintiff in *Caldwell v. Keystone,* supra, sought to recover from his insurer the attorney's fee incurred in recovering from the tortfeasor. Having been unable to agree with his insurer on the amount of collision damages, the insured had sued and recovered from the tortfeasor. We noted that no common fund was created for the benefit of the insurer so as to equitably require it to share the cost of securing that fund, and we affirmed judgment for the insurer.

The present appellant is not entitled to a double recovery of medical expenses. The insurer's refusal to

---

[1] Condition 14 of both the present policy and the *Demmery* policy required the claimant (1) to execute and deliver instruments and papers to secure the right of subrogation against the tortfeasor, and (2) to do nothing to prejudice any rights of recovery.

pay after learning of the settlement and release was justified by the terms of the policy. Condition 14 provides:

"In the event of any payment under the Medical Expense Coverage of this policy, the company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

The appellant argues that the company's right to subrogation does not and cannot arise until the company has made payment under the policy, citing *Brownsville Second National Bank v. London & Landcashire Ins. Co.*, 298 Pa. 53, 148 A. 35 (1929); and *Roberts v. Fireman's Ins. Co.*, 376 Pa. 99, 101 A. 2d 747 (1954). It does not follow, however, that appellant's settlement and release have no effect on the appellee's liability under the policy. Although the appellee would not be entitled to subrogation against the tortfeasor before paying the insured, it is clear from the policy that the appellee conditioned its policy liability on the insured's taking no action to defeat or diminish the insured's right of recovery upon which the insurer's right of subrogation depends. "Such person *shall do nothing after loss* to prejudice such rights." (Emphasis added). The subrogation right would not arise until *after payment,* but the policy specifically bars any action *after loss* which would prejudice the right of recovery. Appellant's settlement and release preclude any further suit against this tortfeasor arising from the same cause of action, *Philadelphia v. Philadelphia Rapid Transit,* 337 Pa. 1, 10 A. 2d 434 (1940), and relieved the appellee from its contractual obligation to pay. *Demmery v. National Union Fire Ins. Co.,* supra.

Nor is the present appellant entitled to attorney's fees. He has argued that if his settlement and release of the tortfeasor relieved the appellee of an otherwise clear contractual duty to pay, the appellee should pay its pro rata share of obtaining that benefit. In support of that position he cites *Furia v. Philadelphia*, 180 Pa. Superior Ct. 50, 118 A. 2d 236 (1955). Our analysis of *Furia* in *Caldwell v. Keystone*, supra, is applicable to this appeal and we will not repeat it in full. *Furia* is distinguishable because there the insurer did make payments to the insured, was notified by the insured of his suit against the tortfeasor and informed the insured of its subrogation claim. In *Furia* we held it was equitable that the insurer recover from the fund secured by the insured the amount of its payments *reduced by* the proportionate share of the counsel fee incurred in recovering that fund. Here the insurer makes no claim to the fund recovered from the tortfeasor; thus *Furia* does not provide authority for charging the insurer with any of the costs of procuring that fund. See *Caldwell v. Keystone Ins. Co.,* supra.

Our decision must not be read as relieving an insurance company from the duty of paying claims in accordance with its policies nor as condoning evasion or undue delay on the part of insurance companies. An insurer's repeated and persistent denial of liability under the policy may permit the insured to sue the tortfeasor without forfeiting his claim against his insurer. See *Roberts v. Fireman's Ins. Co.,* supra. In the present case, where there was no denial of liability or any other delaying tactic by the insurer, we hold only that this appellant has failed to comply with a material condition in the contract and thus relieved appellee of liability under that contract.

Judgment affirmed.