MARLENE E. LANDGREN *vs.* AETNA LIFE & CASUALTY COMPANY.

Worcester.    January 6, 1975. — January 31, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Insurance,* Subrogation.

An insured was not entitled to recover under a motor vehicle liability insurance policy, containing provisions that the insurer would be subrogated to all the insured's rights of recovery and that the insured would not prejudice such rights, where after the accident the insured sent the insurer a notice of the accident in effect stating that she would make a claim at a later date if "problems [should] arise" with third parties, and where she made no claim of loss until after the statute of limitations foreclosed any action by the insurer against third parties. [726-727]

CONTRACT. Writ in the Central District Court of Worcester dated May 14, 1974.

The action was heard by *Allen,* J.

*Richard D. Silver* for the plaintiff.

*Thomas J. Donahue, Jr.* (*Sean T. McGrail* with him) for the defendant.

WILKINS, J.    On January 8, 1969, a motor vehicle owned and operated by the plaintiff was damaged in the amount of $720.42 in a collision with another motor vehicle. The plaintiff's vehicle was insured for collision, with a $50 deductible provision, under a standard form of motor vehicle liability insurance policy issued by the defendant (Aetna). The other vehicle was covered by property damage liability insurance issued by Peerless Insurance Co.

Within sixty days of the accident, the plaintiff filed with Aetna an automobile accident or loss notice. The notice,

which was also signed by an insurance agent, stated in part: "[I]t appears that Peerless will take care of payments to our assured, so no Collision policy claim is being made at this time unless problems arise with Peerless." Aetna heard nothing further with respect to any claim under the plaintiff's collision coverage until April, 1971, when the plaintiff's attorney wrote Aetna, in effect asserting a claim under the policy. The policy contained a provision that in the event of payment under the policy, Aetna would be subrogated to all the insured's rights of recovery against any other person or organization. It further provided that "[t]he Insured shall do nothing after loss to prejudice such rights."

The plaintiff's claim under her collision coverage was tried in the District Court on a statement of agreed facts. The judge found for the plaintiff. Aetna claimed a report to the Appellate Division, which made a "finding" for the defendant and ordered the case dismissed. The Appellate Division concluded that the plaintiff had prejudiced Aetna's right of subrogation over against the third party by not making a claim before the statute of limitations foreclosed any action by Aetna against that third party or its insurer. The plaintiff claimed an appeal to this court.

Even assuming that the plaintiff's accident or loss notice satisfied her obligation under her policy to notify Aetna of the loss and deferred any obligation to file a proof of loss (see G. L. c. 175, §§ 102, 186B), the plaintiff violated the policy requirement that she do nothing to prejudice Aetna's rights of subrogation. The plaintiff sent only one notice to Aetna in the two-year period during which Aetna would have had a right to sue the third party. See G. L. c. 260, § 2A, inserted by St. 1948, c. 274, § 2.[1] That notice reasonably led Aetna to believe that the plaintiff was not asserting any rights under her collision coverage and that a claim would be made at a later date if "problems [should] arise with Peerless." This representation amounted to affirma-

---

[1] For causes of action in tort arising on and after January 1, 1974, the period of limitation was increased from two to three years by St. 1973, c. 777, §§ 1, 4.

366 Mass. 727                   727

tive action which, coupled with the plaintiff's delay in presenting her claim, prejudiced Aetna's right of subrogation and, therefore, precluded the plaintiff from recovery under her policy. See *Poynter* v. *Aetna Cas. & Sur. Co.* 13 Mich. App. 125 (1968); *Rogers* v. *American Fid. & Cas. Co. Inc.* 52 N. J. Super. 254, 262-263 (1958); *Bradford* v. *American Mut. Liab. Ins. Co.* 213 Pa. Super. 8, 11 (1968). Cases involving no affirmative action by an insured, or no policy provision against prejudicing rights of subrogation, are not in point. See *Insurance Co. of No. America* v. *Newtowne Mfg. Co.* 187 F. 2d 675, 684 (1st Cir. 1951); *Schulz* v. *Allstate Ins. Co.* 17 Ohio Misc. 83 (1968).[2]

The order of the Appellate Division dismissing the report is affirmed. The finding of the District Court for the plaintiff is vacated, and judgment is to be entered for the defendant.

*So ordered.*

---

[2] If in fact Aetna's right of subrogation was not lost because of some arrangement for intercompany settlement of subrogation claims, which for a period waived the defense of the statute of limitations, the record is silent on this subject, and we may not assume such a circumstance.

We are not confronted here with a situation in which the right of subrogation was wholly worthless at all times, with the result that Aetna was not prejudiced by the loss of any right of subrogation. See *Chapman* v. *Hoage*, 296 U. S. 526, 532 (1936). Nor are we concerned with a case where action or inaction of Aetna contributed to the loss of rights against the third party.